**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ZELIE DOLAN, | § | |
| | § | |
|    *Appellant*, | § | |
| | § | CIVIL ACTION H:11-2673 |
| v. | § | |
| | § | ADVERSARY CASE 10-3172 |
| GEORGE D. DOLAN, | § | |
| | § | |
|    *Appellee*. | § | |

## ORDER

Before the court is Zelie Dolan's appeal from the bankruptcy court's finding that she wilfully violated a stay entered in her brother's bankruptcy proceeding. The bankruptcy court offset Zelie Dolan's prepetition claim to zero as a penalty for violating the stay, and also entered judgment in favor of George Dolan in the amount of $1,000 in actual damages and $19,757.50 in attorney fees and costs. After considering the briefs of the parties, the record on appeal, and the applicable law, the bankruptcy court's order is AFFIRMED.

### I.   BACKGROUND

On May 7, 2007, Zelie Dolan took judgment against George Dolan in the amount of $125,895.00, plus pre-judgment and post judgment interest. The state court permitted George Dolan to deposit his shares of stock in the Gladys City Company ("GCC"), a closely held corporation in which Zelie Dolan also owned shares of stock, in lieu of posting a supersedeas bond on appeal. On October 20, 2009, and while the state court judgment was on appeal, George Dolan filed for bankruptcy protection. Thereafter, the state court judgment held by Zelie Dolan was affirmed on

appeal, and she sought relief from the automatic stay imposed in the bankruptcy court to release the shares of stock from the registry of the state court. The bankruptcy court ordered relief from the stay with respect to the shares of GCC stock on December 17, 2009.

GCC also manages mineral interests for George Dolan and others, and distributes funds accruing to those interests. George Dolan's mineral interests managed by GCC were not deposited in the state court registry as part of the supersedeas—only his shares of stock in GCC were placed in the court's registry. Nonetheless, when Zelie Dolan obtained relief from the bankruptcy stay for purposes of having George Dolan's shares of GCC stock released from the state court registry, she also abstracted her judgment in the state court on January 29, 2010, causing GCC to cease distributing funds to George Dolan with respect to his mineral rights. GCC then filed an interpleader action in the bankruptcy court and George Dolan cross-claimed against Zelie Dolan asserting that she violated the automatic stay by abstracting the judgment, thereby preventing funds from his mineral interest from being paid to him. The bankruptcy court, after a trial on the merits, made the following ruling:

> The Court finds that Zelie Dolan knew that the automatic stay had been lifted only for the purpose of pursuing release of George Dolan's GCC stock from the registry of the state court. Dissatisfied with simply holding debtor's GCC stock while she waited to receive payment on her judgment over time through debtor's chapter 13 plan, Zelie Dolan had her abstract of judgment recorded in Jefferson County, Texas. By recording her abstract of judgment Zelie Dolan intended to disrupt debtor's receipt of payments from Gladys City Company on his mineral interest and divert those payments to herself. The Court finds that Zelie Dolan's action in recording her abstract of judgment is a continuing willful violation of the automatic stay.

Dkt. 2-16 at 8. The bankruptcy court awarded George Dolan actual damages of $1,000, and attorney's fees and costs of $19, 757.50. Dkt. 2-24. The bankruptcy court also imposed punitive

damages in the form of an offset against Zelie Dolan's prepetition claim in the amount of $500 per day from the time the abstract of judgment was recorded until the abstract was released, thereby effectively reducing her prepetition claim to $0.00. Dkt. 2-24.

Zelie Dolan appealed, and seeks to reverse the bankruptcy court's judgment arguing that she did not willfully violate the stay and, in the alternative, that the award of punitive damages is an abuse of discretion. Dkt. 4. Appellee George Dolan has responded. Dkt. 5. The appeal is now ripe for disposition.

## II.　LEGAL STANDARD

A district court has jurisdiction over a bankruptcy appeal under 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity. *Perry v. Dearing*, 345 F.3d 303, 308-09 (5th Cir. 2003). The burden is on the appellant to show that a finding of fact made by a bankruptcy court is clearly in error. *Id.* at 309; *Butler Aviation Int'l, Inc. v. Whyte*, 6 F.3d 1119, 1127–28 (5th Cir. 1993); *see also* FED. R. BANKR. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). A finding of fact is clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a "definite and firm conviction" that the bankruptcy court has made an error. *See Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). "As long as there are two permissible views of the evidence, we will not find the factfinder's choice between competing views to be clearly erroneous." *In re Acosta*, 406 F.3d 367, 373 (5th Cir. 2005) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504 (1985)). "If the bankruptcy court's account of the evidence is plausible in light of the record viewed as a whole, we will not reverse it." *Id.* A bankruptcy court's conclusions of law are reviewed *de*

*novo*. *See Perry*, 345 F.3d at 309; *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 928 (5th Cir. 1999).

**III. ANALYSIS**

There can little question that the bankruptcy court correctly ruled that the stay was violated, and that the violation was willful. Zelie Dolan's own testimony establishes that she understood the difference between the GCC shares of stock that were placed in the state court registry, and her brother's income from mineral rights that was not placed in the state court registry. The bankruptcy court's factual findings that George Dolan's interest in the mineral rights held by GCC was not placed in the state court registry, that Zelie Dolan was aware of this, and that she intentionally chose to cut off payment of the funds to both her brother and the chapter 13 trustee, are all permissible views of the evidence presented. Zelie Dolan has, therefore, not established that any factual finding made by the bankruptcy court is clearly erroneous.

With the facts thus established, the court must next determine whether the bankruptcy court made an error of law. A bankruptcy petition "operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceedings against a debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "The Bankruptcy Code creates a private right of action for a debtor ... to bring an action against a person who willfully violates the automatic stay to the injury of the debtor." *Young v. Repine (In re Repine)*, 536 F.3d 512, 519 (5th Cir. 2008). Section 362(k) provides that "an individual injured

4

by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). "There are three elements for a claim under Section 362(k): (1) [the creditor] must have known of the existence of the stay; (2) [the creditor's] acts must have been intentional; and (3) [the creditor's] acts must have violated the stay. *Id.* (citing *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005)); *Dugas v. Claron Corp.*, 2010 WL 3338625 *11 (E .D.Tex. Aug. 23, 2010) ("A 'willful' violation does not require specific intent to violate the automatic stay; rather, the debtor is entitled to relief if the defendant knew of the automatic stay and its actions were intentional."). Each of the elements is satisfied here, and the bankruptcy court did not err in entering judgment for George Dolan in this case, or in awarding actual damages along with fees and costs.

The final question is whether the bankruptcy court erred in awarding punitive damages. An award of punitive damages is appropriate where a creditor has engaged in "egregious conduct." *In re Repine*, 536 F.3d at 520. The bankruptcy court's decision in this respect will not be reversed unless it constitutes "clear error." *Id.* at 521. Here, the court found that Zelie Dolan "intended to disrupt debtor's receipt of payments from [GCC] on his mineral interests and divert those payments to herself." Dkt. 2-16 at 8. The court also noted that Zelie Dolan testified that she "did not want to wait to be paid over 5 years under debtor's chapter 13 plan." *Id.* at 6. George Dolan also testified that, due to his inability to obtain the funds from his mineral interests while the abstract was pending, he was unable to afford corrective lenses after cataract surgery, could not afford needed dental work, and was unable to purchase medicines for various health conditions. *Id.* at 4. In short, Zelie Dolan exhibited a complete disregard for the bankruptcy process, and intentionally acted to

5

punish the debtor for seeking bankruptcy protection. This is sufficient to constitute egregious conduct. See *In re Knaus*, 889 F.2d 773, 775–76 (8th Cir. 1989) (egregious conduct established where creditor continued to act in knowing violation of the stay and attempted to punish debtor for seeking bankruptcy protection). The bankruptcy court's award of punitive damages in this case was not clear error.

## CONCLUSION

After considering the briefs of the parties, the record on appeal, and the applicable law, the bankruptcy court's reasoning is adopted in full and is AFFIRMED.

It is so ORDERED.

Signed at Houston, Texas on February 2, 2012.

_____
Gray H. Miller
United States District Judge